McCauley, J.
Section 2640, Revised Statutes, provides that the city council shall have the care, supervision and control of all public highways, streets, avenues, alleys, sidewalks, public grounds and bridges within the corporation, and shall cause the same to be kept open and in repair and free from nuisance. Section 3283 provides that if it be necessary, in the location of any part of a railroad, to occupy any public road, street, alley-way or ground of any kind, or any part thereof, the municipal or other corporation * * * and the company may agree upon the manner,' terms and conditions upon which the same may be used or occupied; and if the parties be unable to agree thereon, and it be necessary * * * to use or occupy such road, street, way or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, in the manner and upon the same terms as is provided for the appropriation of the property of individuals ; but every company which lays a track upon any such street, alley, or public ground, shall be responsible for injuries done thereby to private or public property lying upon or near to such ground * * *
The claim of the plaintiff in error is that the city was under obligation to keep the street open and in repair, and free from nuisance, and that it failed to perform this obligation when it permitted the railroad track to be laid in the street. Section 2640 imposes this duty on the city, and section 3283 authorizes the city to permit its streets to be *212 occupied by railroad tracks subject to liability for injury done thereby to the owners of adjacent property.
When the city authorized railroad tracks to be laid in one of its streets, it granted nothing only its rights in the street, leaving the rights of adjacent lot owners therein unimpaired. The building of the railroad track could have been enjoined by the adjacent lot owner until the right to use the street for this purpose had been appropriated. Railway Co. v. Lawrence, 38 Ohio St., 41.
The duties imposed by section 2640 are modified by the provisions of section 3283, so that permission given to do what is authorized by section 3283 would not be a' violation of section 2640.. These two provisions of the statute relating to the same subject matter are to be construed together, and giving permission to do what is authorized by one section should not be held to be a violation of the other.

Judgment affirmed.